# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00734-COA

JASON BOZEMAN A/K/A JASON BOZMAN                    APPELLANT

v.

STATE OF MISSISSIPPI                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/24/2015 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JASON L. DAVIS |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, FONDLING, AND SENTENCED TO FIFTEEN YEARS, TO RUN CONSECUTIVELY TO ANY OTHER SENTENCES PREVIOUSLY IMPOSED; COUNT II, FONDLING, AND COUNT III, ATTEMPTED FONDLING, AND SENTENCED ON BOTH COUNTS II AND III TO FIFTEEN YEARS, WITH TEN YEARS TO SERVE AND FIVE YEARS SUSPENDED FOR POST-RELEASE SUPERVISION, AND WITH COUNTS II AND III TO RUN CONSECUTIVELY TO COUNT I BUT CONCURRENTLY WITH EACH OTHER, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED: 06/21/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     A jury found Jason Bozeman guilty of two counts of fondling of a child under fourteen and one count of attempted fondling of a child under fourteen, and the circuit court sentenced him, in three separate sentencing judgments, to: (1) imprisonment for fifteen years on Count I, consecutive to previously imposed sentences; (2) imprisonment for fifteen years on Count II, with five suspended, consecutive to the sentence in Count I; and (3) imprisonment for fifteen years on Count III, with five suspended, concurrent to Count II.

¶2.     His post-trial motion for a judgment notwithstanding the verdict was denied, and he has appealed his convictions to this Court.  His appointed appellate counsel filed a *Lindsey*[1] brief, and appropriate notice was given to Bozeman of his right to file his own brief.  He was given forty days to file his brief.  He did not do so.

¶3.     In *Lindsey*, the Mississippi Supreme Court set out the procedure to be followed when a defendant's attorney does not find any arguable issues to support an appeal.  *Lindsey*, 939 So. 2d at 748 (¶18).  Appellate counsel must file a brief showing that counsel has thoroughly reviewed the record and has found nothing to support an appeal.  Counsel must then send the appellant a copy of the brief, informing the client that counsel found no arguable issue for an appeal, and counsel must advise the client of his right to file a pro se brief.  *Id*.  If the defendant raises any arguable issue in his pro se brief, or if the appellate court finds any arguable issues upon its independent review of the record, the appellate court must, if

---

[1] *Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005).

circumstances warrant, require counsel to file supplemental briefing on the issue.

¶4. Bozeman's attorney filed a brief indicating that she diligently searched the procedural and factual history of this action and scoured the record, searching for any arguable issues that could be presented in good faith, but she found none. Bozeman's attorney asserts that she examined: (1) the reason for Bozeman's arrest and the circumstances surrounding the arrest; (2) any possible violations of Bozeman's right to counsel; (3) the entire trial transcript; (4) all rulings of the trial court; (5) possible procedural misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misapplication of the law in sentencing; (9) the indictment and all the pleadings in the record; (10) any possible ineffective-assistance-of-counsel issues; and (11) other possible reviewable issues. *Lindsey*, 939 So. 2d at 748 (¶18) (citations omitted).

¶5. Bozeman's attorney complied with *Lindsey*'s requirements. She examined the record and found no arguable appellate issues. Bozeman's attorney sent a copy of the *Lindsey* brief to Bozeman, stating that, while she found no arguable issues, Bozeman had the right to file a pro se supplemental brief. He was given forty days to file the brief. He did not. We have independently reviewed the record, including the transcript of the voir dire examination, and find no arguable issues that require supplemental briefing. As a result, we find that Bozeman's conviction and sentence should be affirmed.

¶6. **THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY OF CONVICTION OF COUNT I, FONDLING, AND SENTENCE OF FIFTEEN YEARS, TO RUN CONSECUTIVELY TO ANY OTHER SENTENCES PREVIOUSLY IMPOSED; COUNT II, FONDLING, AND COUNT III, ATTEMPTED FONDLING,**

3

**AND SENTENCES ON BOTH COUNTS II AND III OF FIFTEEN YEARS, WITH FIVE YEARS SUSPENDED FOR POST-RELEASE SUPERVISION, AND WITH COUNTS II AND III TO RUN CONSECUTIVELY TO COUNT I BUT CONCURRENTLY WITH  EACH OTHER, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**

4